## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| HILEX POLY CO. LLC, et al.,[1] | Case No. 08-10890 (KJC) |
| Debtors. | Joint Administration Requested |
| | Ref. Docket No. 10 |

### ORDER GRANTING THE DEBTORS' MOTION FOR AN ORDER AUTHORIZING, BUT NOT DIRECTING, PAYMENT OF PREPETITION CLAIMS AS THEY BECOME DUE

Upon the Motion[2] of the above-captioned debtors and debtors-in-possession for entry of an order (this "Order") authorizing, but not directing, the Debtors to pay Prepetition Claims as they become due and in the ordinary course of business; and upon consideration of the Motion and all pleadings related thereto, including the Martin Affidavit; and the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and (c) notice of the Motion was due and proper under the circumstances; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates and creditors; and after due deliberation and good and sufficient cause appearing therefor, it is hereby:

ORDERED, that the Motion is granted with respect to the payment and/or Cancellation of the Prepetition Claims as modified herein; and it is further

ORDERED, that the Debtors are authorized, but not directed, in their sole discretion and in the reasonable exercise of their business judgment, as they deem necessary, to

---

[1] The Debtors are Hilex Poly Co. LLC (Tax ID No. XX-XXX9442) and Hilex Poly Holding Co. LLC (Tax ID No. XX-XXX3959). The mailing address for Hilex Poly Co. LLC and Hilex Poly Holding Co. LLC is 101 East Carolina Avenue, Hartsville, SC 29550.

[2] Capitalized terms used but otherwise not defined herein shall have the meaning ascribed to such terms in the Motion.

pay and/or effect a Cancellation of the Prepetition Claims as they become due and payable (without regard to any purported acceleration arising as a result of the commencement of these chapter 11 cases); and it is further

ORDERED, that the Debtors are authorized, but not directed, to condition any Prepetition Payment made hereunder on the agreement of a Prepetition Payee to continue providing goods and/or services to Hilex on Customary Trade Terms, or such other terms as are agreed to by the Debtors and such Prepetition Vendor; and it is further

ORDERED, that in the event that a Prepetition Payee ceases to honor Customary Trade Terms, or such other terms as are agreed with the Debtors, the Prepetition Payment and/or Cancellation received by such Prepetition Payee hereunder shall be deemed an avoidable postpetition transfer under section 549 of the Bankruptcy Code, and shall be recoverable by the Debtors in cash. Upon any such recovery (a "Disgorgement"), the claim for which such payment initially was made shall be reinstated as a prepetition claim in the amount so recovered, subject to objection by the Debtors and other parties-in-interest and the claims allowance process; and it is further

ORDERED, that the Debtors hereby are authorized to compel a Disgorgement by moving this Court; and it is further

ORDERED, that if the Debtors choose not to immediately compel Disgorgement, the Debtors shall not be deemed to have waived their right to compel such Disgorgement; and it is further

ORDERED, that the Debtors are authorized to reissue checks, wire transfers, automated clearing house payments, electronic payments or other similar methods of payment for Prepetition Payments approved by this Court hereunder where such method of payment has been dishonored postpetition; and it is further

2
DB02:6797684.3                                                                                                            067247.1001

ORDERED, that all applicable banks and other financial institutions are hereby authorized and required to receive, process, honor, and pay any and all checks and transfer requests evidencing amounts paid by the Debtors under this Order whether presented prior to or after the Petition Date. Such banks and financial institutions are authorized to rely on the representations of the Debtors as to which checks are issued or authorized to be paid pursuant to this Order; and it is further

ORDERED, that notwithstanding the relief granted herein and any actions taken pursuant hereto, nothing herein shall be deemed: (i) an admission as to the validity of any claim against the Debtors; (ii) a waiver of the Debtors' right to dispute any claim on any grounds; (iii) a promise or requirement to pay any claim; (iv) an implication or admission that any particular claim is of a type specified or defined hereunder; (v) a request or authorization to assume any agreement, contract or lease pursuant to section 365 of the Bankruptcy Code; or (vi) a waiver of the Debtors' rights under the Bankruptcy Code or any other applicable law; and it is further

ORDERED, that notwithstanding the relief granted herein and any actions taken pursuant hereto, nothing herein shall create, nor is intended to create, any rights in favor of, or enhance the status of, any claim held by any person; and it is further

ORDERED, that nothing in this Order shall be deemed either a grant of administrative expense priority status to, or authority to pay, any amounts that are disputed by the Debtors; and it is further

ORDERED, that the Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order; and it is further

ORDERED, that to the extent that the Debtors' Plan is not confirmed by this Court within 75 days from the Petition Date, the Debtors will schedule a hearing within twenty

3

(20) days thereafter, on notice to all parties-in-interest, to consider any further disposition of this Order; and it is further

ORDERED, that the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED, that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and enforcement of this Order.

Dated: May 7, 2008
Wilmington, Delaware

KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE

DB02:6797684.3        067247.1001